### TINKHAM v. KNOX.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

REAL-ESTATE AGENTS—ACTION FOR COMMISSIONS—INSTRUCTIONS.

   In an action to recover brokerage for effecting a lease of real property, plaintiff did not allege that he had been employed by defendant, but alleged that defendant accepted plaintiff's services with knowledge that they had been rendered. *Held*, that it was proper to refuse plaintiff's request to

charge that, while the owner was entitled to know that the broker had been instrumental in sending the tenant, yet when he knows that the tenant has received information of his intention to let, and his price, the owner is bound to inquire where the tenant got his information, as such instruction presupposes that leases are never made without the intervention of brokers, and that no information could be received as to what property was to be let except through brokers.

Appeal from city court, general term.

Action by Frank J. Tinkham against John M. Knox, Jr., as executor of the estate of William S. Livingston, deceased, to recover commissions for letting certain premises. From a judgment of the general term of the city court (18 N. Y. Supp. 433) affirming a judgment entered on a verdict, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

W. C. Beecher, for appellant.

J. Van Vechten Olcott, for respondent.

BOOKSTAVER, J. This action was brought to recover commissions for the letting of certain premises owned by defendant's testator, which letting plaintiff claims to have been procured through him. There is no allegation in the complaint that he was ever employed by the defendant's testator as a broker; the sole ground for recovery, as alleged in the complaint, being that the defendant, with knowledge that the services had been rendered, accepted the same, and entered into a lease with the tenant procured by the plaintiff. The fact of employment was denied by the defendant, as well as the rendition of services; and evidence on both sides was given on these questions sufficient to require their submission to the jury, which was done in a charge so fair that the plaintiff did not except thereto, and their conclusion upon these questions must be final.

The only questions reviewable by this tribunal are one exception to the refusal of the court to charge, and two or three exceptions to the admission of evidence. The request to charge was that, while the owner is entitled to know that the broker has been instrumental in sending the tenant, yet when he learns that the tenant has received information of his intention to let, and his price, the owner is bound to inquire whence the tenant got his information; which the court refused to charge, and plaintiff excepted. We know of no law supporting this exception, and the appellant has referred us to no authority. The exception is not well taken, because the request presupposes that leases are never made without the intervention of brokers, and that no information could be received as to what property was to be let except through them, which is manifestly not the case. On cross-examination the plaintiff was asked whether he understood that the agreement between Mr. Livingston and Mr. Dean was completed at a certain time, which was allowed under plaintiff's objection, and to which he excepted. This question on cross-examination was entirely proper, as it related to one of the issues in the case, and tended to show whether or not services had been rendered and accepted by the defendant's testator at the time, and did not call so much for a con-

clusion as for his understanding of the status of the negotiations at that time. And this also disposes of the exception to the question put to the plaintiff on cross-examination as to whether or not he considered the agreement between him and the defendant's testator a perfect agreement at a particular time. Even if the question asked of one of defendant's witnesses as to the meaning of a certain expression in a letter were well taken, it cannot avail him here, as the question was not answered. If the objection was to the answer, it could only be taken advantage of by a motion to strike it out. The judgment should therefore be affirmed, with costs. All concur.